UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 95-10398
Summary Calendar

KENNETH WAYNE MORNES,

Plaintiff-Appellant.

VERSUS

DAVID WILLIAMS, Sheriff, Tarrant Cty TX

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:94-CV-722-A)
_____

August 25, 1995

Before DAVIS, BARKSDALE, and DEMOSS, Circuit Judges.

PER CURIAM:[1]

Kenneth Mornes appeals from the dismissal of his civil rights claims.  We **AFFIRM**.

I.

Mornes, a prisoner in the Tarrant County, Texas, jail, proceeding *pro se* and *in forma pauperis* (IFP), brought this 42 U.S.C § 1983 civil rights action against the Sheriff of Tarrant County, seeking $2 million in damages and transfer to a smoke-free

---

[1]    Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

environment.  His claim is premised on the jail officials' refusal to transfer him to a non-smoking cell area.  Mornes alleges that he has respiratory difficulties and that his religious faith (Muslim) prohibits the use of tobacco.  Accordingly, he makes First and Eighth Amendment claims.  The district court held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985), and, finding that Mornes had failed to state a factual or legal basis to support his claims, dismissed his action as frivolous, pursuant to 28 U.S.C. § 1915(d).

## II.

The district court may dismiss an IFP action under § 1915(d) when a claim "lacks an arguable basis either in law or in fact".  *Denton v. Hernandez*, 112 S. Ct. 1728, 1733-34 (1992).  We review the dismissal for abuse of discretion.  *Id*. at 1734.

## A.

On the Eighth Amendment claim, the district court found that Mornes was unable to offer facts suggesting that the jail officials were aware of his alleged respiratory ailment, or that, prior to his initiation of this action, he had even requested to see a doctor concerning this ailment.  From this omission, the court concluded that Mornes' Eighth Amendment claim was without a basis in fact.  We agree.

Although the Supreme Court held in *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993), that a plaintiff may potentially succeed on an Eighth Amendment claim based on *future* medical harm from present exposure to tobacco smoke, Mornes has not made that claim.  *See*

*Weaver v. Clarke*, 45 F.3d 1253, 1255-56 (8th Cir. 1995) (noting alternative paths a tobacco smoke claim may take: one for present harm, one for future harm).  His complaint makes no reference to the possibility of future harm.  Instead, his complaint alleges a violation based only on the existence of current medical problems. To establish a § 1983 claim in this context, Mornes is required to demonstrate the jail officials' "deliberate indifference" to his *existing* medical condition.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

We read the district court's opinion to conclude that, because Mornes has no objective evidence of his alleged medical condition, and never sought medical attention for it, he has no factual basis to allege "deliberate indifference".

### B.

As for the First Amendment claim, the district court found it "clear that jail officials did nothing to affirmatively inhibit Mornes' ability to practice his Muslim faith".  Mornes acknowledged that, on the jail's housing records, he listed himself as Methodist, not Muslim.  And, although he claims to have converted to the Muslim faith, he could not state, upon questioning by the district court, that he has affirmatively informed the jail officials of this fact -- insisting that "they wouldn't acknowledge it anyway".  Because Mornes could not state that jail officials were informed (aware) of his religion, there is no basis for his claim of religious discrimination.

III.

For the foregoing reasons, the judgment is

**AFFIRMED**.